UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>                                        Plaintiff,<br>          -against-<br><br>DEFENSE ADVANCED RESEARCH<br>PROJECTS AGENCY<br>1155 Defense Pentagon<br>Washington, DC 20301<br><br>-and-<br><br>U.S. DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC 20301<br><br>                                        Defendants. | Civil Action No. 1:24-cv-1283 |

# COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendants Defense Advanced Research Projects Agency ("**DARPA**") and the United States Department of Defense ("**DOD**") (collectively, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4. Defendant DARPA is an agency within the Executive Branch of the United States Government and is a part of DOD. DARPA is an agency within the meaning of 5 U.S.C. § 552(f). DARPA has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant DOD is an agency within the Executive Branch of the United States Government. DOD is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On May 6, 2022, Plaintiff sent a FOIA request to DARPA seeking copies of the following records:

> All contracts and binding agreements (including liability protections and waivers), between the U.S. government and MODERNA or MODERNATX Inc. relating to COVID-19 vaccines.

(**Exhibit 1**.) Plaintiff sought expedited processing. (**Id**.)

7. Defendants acknowledged Plaintiff's FOIA request on May 10, 2022, assigned it request number 22-F-0905, and denied expedited processing. (**Exhibit 2**.)

8. Plaintiff submitted its appeal to Defendants' denial of expedited processing on August 3, 2022. (**Exhibit 3**.)

9. The appeal was received on August 8, 2022, and assigned 22-A-0905-A1. (**Exhibit 4**.)

10. On September 7, 2002, Defendants denied Plaintiff's appeal. (**Exhibit 5**.)

2

11. On November 14, 2023, Plaintiff's counsel contacted Defendants, seeking the requested documents. (**Exhibit 6**.) On the same day, Defendants revealed that the request was administratively closed due to Plaintiff's failure to respond to a "continue interest" letter that was never received by Plaintiff's counsel. (**Id**.) Defendants re-opened the request, assigned it case number 22-FRO-0905, and placed it in the original processing queue. (**Id**.)

12. As of the date of this Complaint, Defendants have failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination other than denial of expedited processing; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

13. Plaintiff realleges the previous paragraphs as if fully stated herein.

14. Defendants are in violation of FOIA.

15. Defendants were required to make a final determination on Plaintiff's request no later than twenty (20) business days from acknowledgement of the request. Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

16. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

17. Plaintiff has no adequate remedy at law.

## COUNT II
## IMPROPER DENIAL OF EXPEDITED PROCESSING
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

18. Plaintiff realleges the paragraphs above as if fully stated herein.

19. Defendants improperly denied expedited processing for Plaintiff's FOIA Requests. Plaintiff demonstrated that it primarily engages in disseminating information. Plaintiff demonstrated a compelling need for the responsive documents. Therefore, Plaintiff is entitled to expedited processing.

20. Defendants are in violation of FOIA.

21. Plaintiff is being irreparably harmed by reason of Defendants violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

22. Plaintiff has no adequate remedy at law.

## COUNT III
## IMPROPER WITHHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

23. Plaintiff realleges the previous paragraphs as if fully stated herein.

24. Defendants have failed to establish that they adequately applied an exemption to the withheld information and data.

25. Defendants are in violation of FOIA.

## COUNT IV
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

26. Plaintiff realleges the previous paragraphs as if fully stated herein.

27. Defendants have failed to establish that they adequately searched for responsive records.

28. Defendants are in violation of FOIA.

## COUNT V
## ENTITLEMENT TO WAIVER OF SEARCH FEES
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

29. Plaintiff realleges the previous paragraphs as if fully stated herein.

30. Defendants are in violation of FOIA.

31. Plaintiff sought a waiver of fees. Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

32. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e. Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

  f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

  g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

  h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 1, 2024         SIRI & GLIMSTAD LLP

                */s/ Allison R. Lucas*
                Allison R. Lucas, DC Bar No. MI0105
                Elizabeth A. Brehm, DC Bar No. NY0532

                Siri & Glimstad LLP
                220 West Congress Street
                2nd Floor
                Detroit, MI 48226
                Tel: (240) 732-6737
                alucas@sirillp.com
                ebrehm@sirillp.com